MOMAX, LLC, Plaintiff–Counter
Defendant–Appellee,

v.

ROCKLAND CORP., Defendant–
Counter Claimant–Third Party
Plaintiff–Appellant,

v.

Max R. Greer; Charles R. Moffett,
Third Party Defendants–
Appellees.

Momax, LLC, Plaintiff–Appellant,

v.

The Rockland Corporation,
Defendant–Appellee.

Nos. 05–11364, 06–10583.

United States Court of Appeals,
Fifth Circuit.

March 16, 2007.

Richard Whitney Ward, Dallas, TX, for
Plaintiff–Counter Defendant–Appellee.

Russell Howard Daniels, Sr., Bush &
Motes, Arlington, TX, for Defendant–
Counter Claimant–Third Party Plaintiff–
Appellant

Before JONES, Chief Judge, and
JOLLY and STEWART, Circuit Judges.

PER CURIAM: *

The court, having heard oral argument
and having reviewed the briefs and perti-

nent portion of the record, finds no revers-
ible error of law or fact.

Rockland challenges the sufficiency of
Momax's evidence as to lost profits. How-
ever, at trial, Rockland failed to renew its
motion for judgment as a matter of law
and thus did not comply with Federal Rule
of Civil Procedure 50(b). *See McCann v.
Tex. City Refining, Inc.,* 984 F.2d 667, 671
(5th Cir.1993). Therefore, we review for
plain error and determine "only whether
the plaintiff has presented any evidence in
support of his claim." *Polanco v. City of
Austin, Tex.,* 78 F.3d 968, 974 (5th Cir.
1996). Under this standard of review, the
evidence was plainly sufficient to sustain
the jury's award of lost profits.

As to the testimony of Dick Abram,
Rockland withdrew its objection at trial,
and Abram therefore testified without ob-
jection. Regardless, there was no abuse of
discretion in admitting his testimony. *See
DIJO, Inc. v. Hilton Hotels Corp.,* 351
F.3d 679, 685–87 (5th Cir.2003).

Rockland argues that Momax negated
its breach of implied warranty claims be-
cause the product was safe to consume.
Momax's customers, however, were the
stores that would carry the product, not
the ultimate consumers. Rockland stipu-
lated to the unsuitability of swollen bottles
for sale to Momax's grocery store custom-
ers. It is therefore irrelevant whether the
product would have caused harm to human
beings upon consumption. Momax did not
negate its implied warranty claims.

Finally, Momax has moved for recovery
of attorneys' fees under Texas Civil Prac-
tice and Remedies Code § 38.001. Bound
as we are by Texas law, and unpersuaded
that a substantial body of Texas caselaw is
incorrect, we may not award attorneys'
fees in a breach of warranty case such as

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

this one. *See JCW Elecs., Inc. v. Garza,* 176 S.W.3d 618, 633–34 (Tex.App.2005); *JHC Ventures, L.P. v. Fast Trucking, Inc.,* 94 S.W.3d 762, 769 (Tex.App.2002); *Ellis v. Precision Engine Rebuilders, Inc.,* 68 S.W.3d 894, 896–97 (Tex.App.2002); *Harris Packaging Corp. v. Baker Concrete Constr. Co.,* 982 S.W.2d 62, 69 (Tex.App. 1998); *see also Southwestern Bell Tel. Co. v. FDP Corp.,* 811 S.W.2d 572 (Tex.1991)(distinguishing between breach of contract and breach of warranty actions).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.